1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ANTOLIN ANDREW MARKS, all similarly situated persons within the United States,

Plaintiff,

vs.

RELIANT FINANCIAL, et al.,

Defendants.

CASE NO. 10cv1721-LAB (WMC)

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CASE**

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Pending before the Court is Mr. Marks' Motion to Proceed *In Forma Pauperis* (IFP) and his Motion for the Court to Appoint Counsel in this action against Reliant Financial and Auburn Way Motors.

**I.      IFP Motion**

All parties instituting a civil action in a district court of the United States, except for habeas petitioners, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  A party is excused from paying the fee, however, if the Court grants leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  Mr. Marks has submitted an IFP application that sufficiently demonstrates his inability to pay the $350 filing fee.  He is unemployed, has no money saved, owns no real estate or financial instruments, and collects public assistance.  His Motion to Proceed *In Forma Pauperis* is therefore **GRANTED**.

## II.    Initial Screening

Pursuant to 28 U.S.C. § 1915(e), the Court must screen all IFP complaints and dismiss them if they are frivolous or malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

A complaint must plead facts that "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[S]ome threshold of plausibility must be crossed at the outset" before a case can go forward.  *Id.* at 558 (internal quotations omitted).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

While a court must draw all reasonable inferences in the plaintiff's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted).  In fact, no legal conclusions need to be accepted as true.  *Ashcroft*, 129 S.Ct. at 1949.  A complaint doesn't suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*  That includes a mere formulaic recitation of the elements of a cause of action; this will not do either. *Twombly*, 550 U.S. at 555.

Mr. Marks' complaint fails the Court's screening because it does not establish jurisdiction.  There cannot be diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because *complete* diversity of citizenship is required, and Mr. Marks and Auburn Way Motors are both

citizens of Washington.  Nor can the Court exercise its class action jurisdiction pursuant to 28 U.S.C. § 1332(d) because Marks cannot satisfy the $5,000,000 amount-in-controversy requirement.  He seeks compensatory damages of just $10,000 and $28,000,000 in punitive damages, and while punitive damages do factor into the amount in controversy for jurisdictional purposes, due process principles foreclose the possibility of a sufficiently large punitive damages award (of at least $4,990,000).  *See State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process").  While Marks does bring a RICO claim, which may establish federal question jurisdiction under 28 U.S.C. § 1331, he does not *allege* federal question jurisdiction and the Court is not able to establish it for him based on the factual allegations in his complaint.  The complaint is therefore **DISMISSED** without prejudice.

## III.    Attorney Request

Finally, Marks requests an attorney under the Civil Rights Act of 1964.  His complaint does not implicate the Civil Rights Act of 1964, however.  It alleges fraud under state law and a violation of RICO.  The Court questions whether Marks even read his request for counsel, given that it begins "I, the plaintiff in the above-entitled employment discrimination suit . . . ."  In any event, even if this were a civil rights action Marks would not automatically be entitled to counsel, and the Court sees no basis for granting him counsel here.  His request is therefore **DENIED.**

**IT IS SO ORDERED**.

DATED:  January 19, 2011

**HONORABLE LARRY ALAN BURNS**
United States District Judge